UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RIYNELL JACKSON                                             CIVIL ACTION

VERSUS                                                      NUMBER: 05-2644

MARLIN GUSMAN, ET AL                                        SECTION: "D"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Riynell Jackson, against defendants, Orleans Parish Criminal Sheriff Marlin Gusman and Orleans Parish Prison Warden John LeCour.  While Jackson, an inmate, is presently incarcerated in Allen Correctional Center, the instant complaint concerns his earlier incarceration in the Orleans Parish prison complex.

On April 12, 2005, Jackson was transferred, within the Orleans Parish prison complex, from the House of Detention to the Old Parish Prison.  Jackson claims that prior to his transfer, there was an outbreak of tuberculosis among the inmates housed in the Old Parish Prison.  Jackson admits, however, that following his transfer to the Old Parish Prison, he did not contract

tuberculosis. Subsequent testing has shown that Jackson does not have the disease and therefore, was never treated for same. His request for monetary relief in the amount of $1 million arises solely from the alleged mental anguish he has suffered due to his fear of contracting tuberculosis.

Plaintiff has instituted suit herein <u>in forma pauperis</u> pursuant to 28 U.S.C. §1915. A proceeding brought <u>in forma pauperis</u> may be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law and fact, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). Giving the instant complaint a liberal reading, it is recommended that it be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Under the Prison Litigation Reform Act, 42 U.S.C. §1997e(e), a plaintiff may not recover for emotional or mental damages absent a showing of a specific physical injury. §1997e(e) specifically provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

In the instant matter, it is undisputed that plaintiff

suffered no physical injury. His claim for damages arises solely from his alleged mental or emotional injury resulting from his fear of contracting tuberculosis.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice under 28 U.S.C. §1915(E)(2)(B)(i) and (ii). See Marts v. Hines, 117 F.3d 1504 (5th Cir. 1997)(en banc), cert. denied, 522 U.S. 1058, 118 S.Ct. 716 (1998).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  30th  day of     June     , 2006.

                                             ALMA L. CHASEZ
                                  UNITED STATES MAGISTRATE JUDGE